UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC NAHODIL,

        Plaintiff,

vs.

        Case No. 19-10332

        HON. GEORGE CARAM STEEH

NORFOLK SOUTHERN RAILWAY CO.,

        Defendant,

and

NORFOLK SOUTHERN RAILWAY CO.

        Third-Party Plaintiff,

vs.

JEROME PERNELL, JR.,

        Third-Party Defendant.

_____/

ORDER DENYING THIRD-PARTY DEFENDANT'S
<u>MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT [ECF No. 30]</u>

Third-party plaintiff, Norfolk Southern Railway Co. ("Norfolk"), filed its third-party complaint against Mr. Jerome Pernell, Jr. on March 18, 2019. A certificate of service was filed with the court on April 16, 2019, showing personal service on Mr. Pernell on April 4, 2019 [ECF No. 16]. Norfolk sought clerk's entry of default for failure to answer, which was entered as to

Mr. Pernell on May 1, 2019 [ECF No. 19]. Mr. Pernell was present at the scheduling conference with the court on May 8, 2019. At that time, the court advised Mr. Pernell that he should attempt to obtain counsel and told the parties it would consider Mr. Pernell's motion to set aside entry of default. The court ultimately granted the motion to set aside, finding no prejudice to third-party plaintiff.

Mr. Pernell's answer to the third-party complaint was due to be filed by August 9, 2019. However, Mr. Pernell took no action, and on August 14, 2019, third-party plaintiff requested that the clerk enter default against Mr. Pernell. The clerk entered default against Mr. Pernell on August 16, 2019. On September 16, 2019, Mr. Pernell field a second motion to set aside entry of default. This time, Mr. Pernell obtained help from the University of Detroit Mercy Law School *Pro Se* Legal Assistance Clinic. It is this second motion to set aside entry of default that is presently before the court.

"A court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This court "enjoys considerable latitude" when determining what constitutes good cause. *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003). To determine whether good cause exists, courts must consider whether: "(1) the default was willful, (2)

set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.*

Given the fact that Mr. Pernell has already been given a second chance to defend the lawsuit, a showing that his newest default was not willful is of particular concern. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011)(citation omitted). Mr. Pernell has given no explanation as to why he did not file an answer, other than to say he did not understand what an answer to the complaint required and that he believed it would cost money, which he did not have. Mr. Pernell did not communicate any of his concerns with counsel for third-party plaintiff or with the court. Furthermore, Mr. Pernell has not explained why he waited more than 30 days after entry of default to move to set the default aside. While Mr. Pernell's behavior might not demonstrate *intent* to thwart judicial proceedings, it does support a finding that he was in reckless disregard of the effect his conduct had on the court's proceedings.

Next, the court finds that Mr. Pernell's behavior has resulted in delay which has caused prejudice to third-party plaintiff and plaintiff in

progressing the case, particularly regarding discovery.  Finally, Mr. Pernell has not stated *any* defense for the court to consider, let alone a meritorious defense.  All three considerations support a finding that good cause does not exist for setting aside Mr. Pernell's default.  Now, therefore,

IT IS HEREBY ORDERED that third-party defendant's motion to set aside clerk's entry of default is DENIED.

Dated:  October 17, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 17, 2019, by electronic and/or ordinary mail and also on Jerome Pernell, Jr., 8301 16 ½ Mile Road, Apartment 296, Sterling Heights, MI  48312.

s/Barbara Radke
Deputy Clerk