UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC NAHODIL,

    Plaintiff,

vs.

Case No. 19-10332

HON. GEORGE CARAM STEEH

NORFOLK SOUTHERN RAILWAY CO.,

    Defendant,

and

NORFOLK SOUTHERN RAILWAY CO.

    Third-Party Plaintiff,

vs.

JEROME PERNELL, JR.,

    Third-Party Defendant.
_____/

## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION FOR RECONSIDERATION [ECF No. 34]

This matter is before the court on third-party defendant Jerome Pernell Jr.'s motion for reconsideration of the court's order denying his motion to set aside clerk's entry of default. For the reasons given below, Pernell's motion for reconsideration is granted.

Third-party plaintiff, Norfolk Southern Railway Co. ("Norfolk"), filed its

third-party complaint against Mr. Jerome Pernell, Jr. on March 18, 2019. A certificate of service was filed with the court on April 16, 2019, showing personal service on Mr. Pernell on April 4, 2019 [ECF No. 16]. Norfolk sought clerk's entry of default for failure to answer, which was entered as to Mr. Pernell on May 1, 2019 [ECF No. 19]. Mr. Pernell was present at the scheduling conference with the court on May 8, 2019. At that time, the court advised Mr. Pernell that he should attempt to obtain counsel and told the parties it would consider Mr. Pernell's motion to set aside entry of default.

The court granted the motion to set aside entry of default, requiring Mr. Pernell's answer to the third-party complaint to be filed by August 9, 2019. However, Mr. Pernell failed to file an answer and on August 14, 2019, third-party plaintiff requested that the clerk again enter default against Mr. Pernell. The clerk entered default against Mr. Pernell on August 16, 2019. On September 16, 2019, Mr. Pernell filed a second motion to set aside entry of default. This time, Mr. Pernell obtained help from the University of Detroit Mercy Law School *Pro Se* Legal Assistance Clinic. The court denied Pernell's motion to set aside entry of default, finding that his default was willful. The court also found prejudice to the parties if entry of default was set aside because Pernell's reckless disregard of the court

rules and the court's orders resulted in delays to the progress of the case, particularly regarding discovery. Finally, the court noted that Pernell did not raise "*any* defense for the court to consider, let alone a meritorious defense."

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

The palpable defect argued by Pernell in his motion for reconsideration is that the court gave decisive weight to the reckless disregard factor while giving lesser weight to the factors of prejudice and meritorious defense. Pernell maintains that there is no evidence in the record showing that his actions resulted in delay which caused prejudice with regard to discovery. When he filed his second motion to set aside entry of default, Pernell's persistent failure to comply with court orders had already resulted in a delay of almost five months. On the other hand, the discovery deadline is January 13, 2020 and Norfolk did not identify specific prejudice that would result from setting aside the default against Pernell.

While delay by its nature may result in the destruction of evidence and the fading of witnesses' memories, "delay alone is not a sufficient basis for establishing prejudice." *Dassault Systems, SA v. Childress* 663 F.3d 832, 842 (6th Cir. 2011) (citation omitted).

Even if the prejudice factor is neutral, Pernell cannot avoid the fact that he failed to raise any defense, let alone a meritorious defense. Now for the first time, in his motion for reconsideration, Pernell describes his defense to the allegation in the third-party complaint that he was responsible for plaintiff's injuries: "Norfolk had deactivated the signals and lights at the railroad crossing where the accident occurred, and Pernell could not see the Plaintiff in the dark at the time of the crash, and in sufficient time to avoid the accident." A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Burrell v. Henderson*, 434 F.3d 826, 834 (6th Cir. 2006) (citation omitted).

The court is cognizant that there is a presumption against resolving litigation through default and a "general preference for judgments on the merits." *Dassault Systems,* 663 F.3d at 841 (citing *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). While the court is not expected to consider new arguments or factual

allegations on motions for reconsideration, Mr. Pernell is a *pro se* third-party defendant[1] and as a general proposition, pleadings drafted by *pro se* litigants are to be held to a less stringent standard and should be liberally construed. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). Having said that, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

Having been presented with a summary of Pernell's defense, which qualifies as meritorious at this stage of the litigation, the court GRANTS his motion for reconsideration and orders that clerk's entry of default be set aside. Mr. Pernell's answer to the third-party complaint is due on or before December 2, 2019. Finally, the court cautions Mr. Pernell that going forward he is expected to comply with the rules and orders that apply to all parties who appear before this court. Now, therefore,

IT IS HEREBY ORDERED that third-party defendant's motion for reconsideration [ECF No. 34] is GRANTED.

IT IS HEREBY FURTHER ORDERED that clerk's entry of default entered on August 16, 2019 [ECF No. 29] be set aside.

---

[1] The court is aware that Mr. Pernell received some assistance with his pleadings from the Detroit Mercy Law Pro Se Legal Assistance Clinic.

IT IS HEREBY FURTHER ORDERED that third-party defendant's answer to the third-party complaint must be filed on or before December 2, 2019.

So ordered.

Dated: November 7, 2019

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 7, 2019, by electronic and/or ordinary mail and also on Jerome Pernell, Jr., 8301 16 ½ Mile Road, Apartment 296, Sterling Heights, MI 48312.

s/Barbara Radke
Deputy Clerk